UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JOHNATHAN BOSTON *and*　　　　　　　　　　Case No.:
KAMAAL KING
　　　　　　　　　　Plaintiffs,　　　　　　**COMPLAINT**

　　　-*against*-
　　　　　　　　　　　　　　　　　　　　　JURY TRIAL DEMANDED

The CITY OF NEW YORK,
POLICE OFFICER HUSSEIN BOUTARI,
POLICE OFFICER MARSHALL WINSTON,
DETECTIVE JOHN DOE #1, *and*
DETECTIVE JOHN DOE #2
　　　　　　　　　　Defendants.
-------------------------------------------------------------X

　　　Plaintiffs, JOHNATHAN BOSTON and KAMAAL KING, by their attorney, Alexis G. Padilla, Esq., complaining of the defendants, The CITY OF NEW YORK, Police Officer HUSSEIN BOUTARI, Shield No.: 31754, Police Officer MARSHALL WINSTON, Shield No.: 4109, Detective JOHN DOE #1 and Detective JOHN DOE #2, upon information and belief alleges as follows:

## PRELIMINARY STATEMENT

　　　1.　　This is a civil rights action in which the plaintiffs, JOHNATHAN BOSTON and KAMAAL KING, seek relief for the defendants' violation of their rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. Plaintiffs seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

　　　2.　　This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. Jurisdiction is

conferred upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiffs' constitutional and civil rights.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim occurred within the boundaries of the Eastern District of New York.

## JURY TRIAL DEMANDED

4. Plaintiffs demand a trial by jury on each and every one of their claims as pleaded herein.

## PARTIES

5. Plaintiff JOHNATHAN BOSTON is a United States citizen of full age and a resident of Kings County, New York.

6. Plaintiff KAMAAL KING is a United States citizen of full age and a resident of Kings County, New York.

7. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the defendant police officers.

8. Defendant P.O. BOUTARI was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant P.O. BOUTARI acted

under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

9.  Defendant P.O. WINSTON was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant P.O. WINSTON acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

10. Defendant DET. JOHN DOE #1 was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant DET. JOHN DOE #1 acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was

acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

11. Defendant DET. JOHN DOE #2 was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant DET. JOHN DOE #2 acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

## STATEMENT OF FACTS

12. On or about July 28th, 2016 at approximately 8:00 P.M. plaintiffs, who are related by marriage, were sitting in plaintiff Boston's white BMW, double parked on Kosciuszko Street, across from 128 Lewis Avenue in Brooklyn, when a gun fight erupted.

13. Suddenly, an individual who had emerged seconds earlier from a car parked immediately in front of plaintiffs fired several shots from a handgun in the direction of 128 Lewis.

14. Plaintiff Boston, who was in the driver's seat, quickly pulled out to get away from the shooting and in the process accidentally side-swiped a Toyota Camry sedan, which upon

information and belief belonged to William Gonzalez, a livery cab driver who also happened to be double parked on that block.

15. Shortly after leaving the scene, plaintiffs returned to look for Mr. Gonzalez so that plaintiff Boston could take responsibility for the damage to his car.

16. By this point police were on the scene investigating the shooting.

17. Unable to locate Mr. Gonzalez or the Camry, plaintiffs returned to where plaintiff Boston had parked his car on Pulaski Street, just up the block from 128 Lewis Avenue, but when they got there two police officers were questioning bystanders as to who owned the white BMW.

18. Plaintiff Boston immediately announced himself to the officers as the owner of the vehicle.

19. The officers asked plaintiffs for identification and plaintiffs provided their I.D. cards.

20. The officers then asked plaintiff Boston to consent to a search of the car and plaintiff Boston obliged.

21. The officers searched the car and found no evidence indicating that the plaintiffs were involved in the earlier shooting or any other evidence of criminal wrongdoing.

22. The officers were prepared to release plaintiffs when officers from the 81st precinct, including defendants Detectives John Doe #1 and John Doe #2, arrived on the scene and announced that plaintiffs were under arrest.

23. In a sworn criminal complaint dated July 29, 2016 defendant Police Officer Boutari stated that William Gonzalez, the driver of the damaged Camry, informed him that he personally observed plaintiff Boston "sit up on the front passenger door while leaning out of the vehicle" and fire a gun "multiple times" across the roof of plaintiff's BMW; that plaintiff King

was operating said BMW as plaintiff Boston was firing; and that the left side of his Camry was swiped in plaintiffs' hurried attempt to flee the scene.

24. This information was presented by defendant Police Officer Boutari as the basis for charging plaintiffs with felony criminal possession of a weapon in the second and third degrees, felony reckless endangerment in the first and second degrees, as well as several other serious criminal charges.

25. In a notice pursuant to CPL 710.30(1)(b) defendant Police Officer Winston further stated that plaintiffs were positively identified by Mr. Gonzalez.

26. However, William Gonzalez has denied making any such statements to either defendants or any other police officers.

27. Other witnesses who were on the scene, including, upon information and belief, Sharon Lipscomb, a resident of 128 Lewis Avenue, have stated that they told police on the scene that the shooter emerged from a car with a hatchback, not a white BMW, and that the firing came from the street, not from someone straddling the passenger side window of a vehicle.

28. Additionally, the shooting in question occurred within the scope of numerous surveillance cameras, including one maintained by the NYPD and positioned at the corner of Lewis and Dekalb Avenues, adjacent to where the shooting occurred.

29. Despite this and other evidence tending to exonerate plaintiffs from any role in the shooting, plaintiffs were arrested and prosecuted as the culprits in a crime that the defendant officers knew or should have known plaintiffs did not commit.

30. Plaintiffs were placed in handcuffs and transported to the 81st precinct where they were held for a period of approximately 8 hours.

31.     Plaintiffs were then transported to Central Booking in Brooklyn where they were held for an additional sixteen hours before being arraigned before the Kings County Criminal Court. Plaintiffs were each granted bail which they could not immediately pay.

32.     From arraignment, plaintiffs were transported to Riker's Island where plaintiff Boston remained for the next three (3) days before bailing out and plaintiff King remained for the next six (5) days.

33.     On the day that the evidence against plaintiffs was due to be presented to a Grand Jury, plaintiff King was released and no further charges resulted.

34.     Six months later, on January 27, 2017, without having held any further proceedings in the matter, the case against plaintiffs was dismissed and sealed by the Court.

## AS FOR A FIRST CAUSE OF ACTION

*Deprivation of Federal Rights under 42 U.S.C. § 1983 as against all defendants*

35.     Plaintiffs repeat, reiterate and assert each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

36.     At all times during the events described above defendants lacked probable cause to arrest plaintiffs.

37.     At all times during the events described above defendants lacked probable cause to charge plaintiffs with criminal conduct.

38.     All of the aforementioned acts of the defendants were carried out under the color of state law.

39.     All of the aforementioned acts deprived plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §

1983.

40. The acts complained of were carried out by the defendants in their capacities as police officers, with all actual and/or apparent authority afforded thereto.

41. The acts complained of deprived plaintiffs of their rights:

    A. To be free from false arrest;

    B. To be free from unwarranted and malicious criminal prosecution;

    C. To be free from deprivation of liberty without due process of law;

    D. To a fair trial; and

    E. To receive equal protection under the law.

## AS FOR A SECOND CAUSE OF ACTION

*Municipal Liability under 42 U.S.C. § 1983 against defendant City of New York*

42. Plaintiffs repeat, reiterate and assert each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

43. The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiffs, and is liable for the damages suffered by plaintiffs as a result of the conduct of the defendants. The conduct of the defendants was a direct consequence of inadequate training and supervision of police officers by defendant CITY OF NEW YORK and its agent, the New York Police Department.

44. At all times relevant to this complaint defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that allowed for a group of police officers to make an arrest without probable cause and in flagrant violation of their sworn oath to uphold the Constitution.

45. At all times relevant to this complaint it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage reckless misadventures of the sort described in this complaint.

46. As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendants on the day of the incident in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated.

47. The wrongful polices, practices and customs complained of herein, demonstrate a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of Plaintiff's rights alleged herein.

**WHEREFORE,** plaintiffs demand relief jointly and severally against all of the defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: 3/03/2017
Brooklyn, NY

By: /s/Alexis G. Padilla
Alexis G. Padilla, Esq. [AP8285]
*Attorney for plaintiffs*
*Johnathan Boston and Kamaal King*
575 Decatur Street #3
Brooklyn, NY 11233
(917) 238-2993
alexpadilla722@gmail.com